IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

Pele IP Ownership LLC,

               Plaintiff,

       v.

Samsung Electronics Co., Ltd., and Samsung
Electronics America, Inc.,

               Defendants.

Case No. 1:16-cv-03354

Hon. John J. Tharp Jr.

**<u>DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO
DISMISS COUNTS I, III, AND IV FOR FAILURE TO STATE A CLAIM UPON WHICH
RELIEF CAN BE GRANTED</u>**

## Table of Contents

Page

PRELIMINARY STATEMENT ............................................................................................ ii

I.     PRELIMINARY STATEMENT ............................................................................... 1

II.    SUMMARY OF THE PERTINENT AMENDED COMPLAINT
       ALLEGATIONS ........................................................................................................ 2

III.   ARGUMENT .............................................................................................................. 3

       A.    Count I Fails to State a Claim for Relief Under the Lanham Act ........................ 5

             1.    The heightened pleading requirements of Rule 9(b) apply to
                   Lanham Act claims based on false statements or
                   misrepresentations ............................................................................... 6

             2.    Plaintiff's Amended Complaint fails to satisfy the heightened
                   pleading requirements for the Lanham Act claims ................................. 9

             3.    Plaintiff's Amended Complaint is further deficient in that it fails to
                   identify the alleged conduct of the individual Defendants ..................... 12

       B.    Count III—Illinois Consumer Fraud and Deceptive Practices Act—Should
             be Dismissed for Failure to State A Claim Upon Which Relief can be
             Granted ................................................................................................................. 13

             1.    Count III sounds in fraud and fails to meet the heightened pleading
                   requirements of Rule 9(b) ....................................................................... 13

             2.    Count III fails to adequately identify or plead the elements of a
                   cause of action under the Illinois Consumer Fraud and Deceptive
                   Business Practices Act ............................................................................. 15

       C.    Count IV (Illinois Common Law Unfair Competition) is Pre-empted by
             Plaintiff's Statutory Claims Under Count III ....................................................... 17

IV.    CONCLUSION .......................................................................................................... 18

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Adams v. City of Indianapolis*,
    742 F.3d 720 (7th Cir. 2014) .................................................................................................3, 4

*Amin v. Suntrust Bank*,
    No. 14 C 3903, 2014 U.S. Dist. LEXIS 94266 (N.D. Ill. July 11, 2014) .................................6

*Arvegenix, LLC v. Seth*,
    Case No. 13-cv-1253, 2014 U.S. Dist. LEXIS 59017 (C.D. Ill. Apr. 29, 2014) ....................17

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...........................................................................................................3, 4

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)...............................................................................................................4

*Blankenship v. Pushpins Holdings LLC*,
    No. 14 C 6636, 2015 U.S. Dist. LEXIS 135944 (N.D. Ill. Oct. 6, 2015) ...............................16

*BlueStar Mgmt. LLC v. The Annex Club, LLC*,
    No. 09 C 4540, 2010 U.S. Dist. LEXIS 71156 (N.D. Ill. July 12, 2010) ...............................17

*Borsellino v. Goldman Sachs Group, Inc.*,
    477 F.3d 502 (7th Cir. 2007) .................................................................................................7

*Burck v. Mars Inc.*,
    571 F. Supp. 2d 446 (S.D.N.Y. 2008).....................................................................................5

*Camasta v. Jos. A. Bank Clothiers, Inc.*,
    761 F.3d 732 (7th Cir. 2014) ...............................................................................................13

*CardioNet, Inc. v. LifeWatch Corp.*,
    No. CIV.A. 07C6625, 2008 WL 567031 (N.D. Ill. Feb. 27, 2008).........................................7

*Chicago Faucet Shoppe, Inc. v. Nestlé Waters N. Am. Inc.*,
    24 F. Supp. 3d 750 (N.D. Ill. 2014) (*Tharp J.*).....................................................................13

*Cocroft v. HSBC Bank USA, N.A.*,
    No. 10 C 3408, 2012 U.S. Dist. LEXIS 55410 (N.D. Ill. Apr. 20, 2012).........................12, 13

*Conditioned Ocular Enhancement, Inc. v. Bonaventura*,
    458 F. Supp. 2d 704 (N.D. Ill. 2006) .....................................................................................6

*Control Solutions LLC v. Oshkosh Corp.*,
No. 10 C 121, 2011 WL 1131329 (N.D. Ill. Mar. 28, 2011) ....................................11

*Coronet Ins. Co. v. Seyfarth*,
665 F. Supp. 661 (N.D. Ill. 1987) ......................................................................12

*Darne v. Ford Motor Co.*,
No. 13 C 03594, 2015 U.S. Dist. LEXIS 169752 (N.D. Ill. Dec. 18, 2015)
(*Tharp J.*) .............................................................................................................4

*The Film Works & Tape Works, Inc. v. JuneTwenty Films, Inc.*,
368 Ill. App. 3d 462, 856 N.E.2d 612 (2006) ......................................................17

*Hirst v. SkyWest, Inc.*,
No. 15 C 02036, 2016 U.S. Dist. LEXIS 67806 (N.D. Ill. May 24, 2016)...............3

*In re Honey Transshipping Litig.*,
87 F. Supp. 3d 855 (N.D. Ill. 2015) ......................................................................7

*Hot Wax, Inc. v. Turtle Wax, Inc.*,
191 F.3d 813 (7th Cir. 1999) ................................................................................6

*Majumdar v. Lurie*,
274 Ill. App. 3d 267, 653 N.E.2d 915 (1995) ......................................................17

*Maremont v. Susan Fredman Design Grp., Ltd.*,
772 F. Supp. 2d 967 (N.D. Ill. 2011) ...................................................................5

*McKenney-Becker v. Safeguard Props. LLC*,
No. 14-cv-04514, 2015 U.S. Dist. LEXIS 3507 (N.D. Ill. Jan 13, 2015)...............15

*Merix Pharm. Corp. v. Glaxosmithkline Consumer Healthcare, L.P.*,
No. 5 C 1403, 2006 U.S. Dist. LEXIS 47233 (N.D. Ill. June 28, 2006) ................7

*MPC Containment Sys. v. Moreland*,
No. 05 C 6973, 2006 U.S. Dist. LEXIS 55780 (N.D. Ill. Aug. 10, 2006).......4, 6, 8

*Organ Recovery Sys., Inc. v. Preservation Solutions, Inc.*,
No. 11 C 4041, 2012 WL 2577500 (N.D. Ill. July 4, 2012) ..............................6, 8

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*,
631 F.3d 436 (7th Cir. 2011) ................................................................................4

*Reshal Assocs. v. Long Grove Trading Co.*,
754 F. Supp. 1226 (N.D. Ill. 1990) .....................................................................12

*Robinson v. Toyota Motor Credit Corp.*,
201 Ill. 2d 403, 775 N.E.2d 951 (2002) .........................................................15, 16

*Sears v. Likens,*
   912 F.2d 889 (7th Cir. 1990) ............................................................................12

*Spector v. Mondelez Int'l, Inc.,*
   No. 15 C 4298, 2016 U.S. Dist. LEXIS 42869 (N.D. Ill. Mar. 31, 2016) ..............................14

*Vertical Web Media, L.L.C. v. Etailinsights, Inc.,*
   No. 14 C 3220, 2014 WL 2868789 (N.D. Ill. June 24, 2014) ..................................7

*Weis v. State Farm Mut. Auto. Ins. Co.,*
   333 Ill. App. 3d 402, 776 N.E.2d 309 (2002) ........................................16

*Wilson v. City of Chicago,*
   No. 12 C 06391, 2013 U.S. Dist. LEXIS 115285 (N.D. Ill. Aug. 15, 2013)
   (*Tharp J.*) ..........................................................................6

## Statutes

15 U.S.C.
   § 1125(a) .........................................................................9
   § 1125(a)(1)(A) ..................................................................2
   § 1125 (a)(1)(B) .................................................................2

Illinois Consumer Fraud and Deceptive Business Practices Act ...........................*passim*

Lanham Act.......................................................................*passim*

## Other Authorities

Fed. R. Civ. P.
   8.............................................................................3, 14
   9(b) ........................................................................*passim*
   12(b)(6) ....................................................................1, 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Pele IP Ownership LLC, | |
| Plaintiff, | |
| v. | Case No. 1:16-cv-03354 |
| Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc., | Hon. John J. Tharp Jr. |
| Defendants. | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS COUNTS I, III, AND IV FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Defendants Samsung Electronics Co., Ltd. ("SEC"), and Samsung Electronics America, Inc. ("SEA" and together with SEC, "Samsung"), by and through their counsel, Paul Hastings LLP, submit this memorandum of law in support of their motion to dismiss Counts I, III, and IV of the Amended Complaint filed by Pele IP Ownership LLC ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 12(b)(6), on the basis that Plaintiff has failed to state a claim upon which relief can be granted.[1]

## I.       PRELIMINARY STATEMENT

Plaintiff's Amended Complaint asserts four bases for relief, each of which is defectively pled for one or more reasons. In brief summary, the Amended Complaint alleges that in October 2015, Samsung—without further delineation as to whether the actions were taken by SEC or

---

[1] Defendants simultaneously have filed two companion motions to dismiss the Amended Complaint. The first seeks the dismissal of all counts against both Defendants based on this Court's lack of personal jurisdiction over them, as well as a finding that venue is improper in Illinois or, alternatively, transfer of this case under § 1404 to the Southern District of New York. A dismissal on either of the grounds presented by that motion would obviate the need for the Court to address the myriad of pleading deficiencies detailed herein. The second motion seeks the dismissal of Count II on the basis that Plaintiff lacks standing to assert a violation of publicity rights under New York law, which should apply following Illinois' choice-of-law rules, and, thus, the count fails to state a claim upon which relief can be granted.

SEA or both—used a Pelé look-alike in a full-page advertisement in *The New York Times* (the "Subject Ad") (Am. Compl. ¶ 17); that the Subject Ad was distributed nationally, including in Illinois; and that the use of a purported look-alike amounted to an unauthorized use of Pelé's identity. Such action, Plaintiff claims, is likely to confuse consumers into thinking that Pelé sponsored or endorsed the products in the Subject Ad, thereby infringing Pelé's right of publicity, constituting a false endorsement, diminishing Pelé's endorsement value and potential licensing opportunities, and unfairly enriching Samsung.

The Amended Complaint asserts four separate claims arising out of the alleged misconduct. This motion addresses the pleading deficiencies in three of those four counts; the remaining count (Count II) is addressed separately in a companion motion filed herewith. As relates to Count I (alleging a violation of the Lanham Act), the Plaintiff fails to allege a viable claim for false advertising and its claim of false endorsement is not pled with the requisite particularity. Count III (asserting a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act or "ICFA") falls woefully short of the requisite pleading standard and fails to address let alone establish many of the elements of the separate prongs of the statute seemingly invoked by Plaintiff. Count IV (alleging common law unfair competition) is wholly duplicative of the ICFA count asserted in Count III and should be dismissed on that basis.

## II.    SUMMARY OF THE PERTINENT AMENDED COMPLAINT ALLEGATIONS

In Count I, Plaintiff seemingly alleges separate claims for false endorsement pursuant to Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), and for false advertising, under Section 43(a)(1)(B) of that Act, 15 U.S.C. 1125 (a)(1)(B). Both claims rest on the common assertions that "Defendant's unauthorized use of Pelé's identity . . . is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendants with Pelé or as to the origin, sponsorship or approval of Defendants' goods by Pelé . . ."

(Am. Compl. ¶¶ 27–28); and that "Defendant's unauthorized use of Pelé's identity . . . misrepresents the nature, characteristics, or qualities of Defendants' goods, services, or commercial activities . . . ." (Am. Compl. ¶ 28.)

Count III alleges that "Defendants' acts constitute unfair methods of competition and unfair or deceptive acts or practices in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 et seq. ("ICFA"), in that those acts created a likelihood of confusion or misunderstanding as to Pelé's or Pele IP's sponsorship or approval of Defendants' goods, or created a likelihood of confusion as to Defendants' affiliation, connection, or association with Pelé or Pele IP." (Am. Compl. ¶ 37.) Count III also asserts that "Defendants' conduct . . . was willful and outrageous, perpetrated by evil motive or with reckless indifference to the rights of others." (Am. Compl. ¶ 38.) Count IV asserts only that "Defendants' acts constitute [common law] unfair competition" and "were willful and damaged Pele IP." (Am. Compl. ¶¶ 41–42.)

## III.    ARGUMENT

It is well-established that "[t]o survive a motion to dismiss under Rule 12(b)(6), a complaint must 'state a claim to relief that is plausible on its face.'" *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard is met when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Rule 8, however, "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79. Rather, while "[a] court must accept all of the plaintiff's factual allegations as true when reviewing the complaint, . . . conclusory allegations merely restating the elements of a cause of action do not receive this presumption." *Hirst v. SkyWest, Inc.*, No. 15 C 02036, 2016

U.S. Dist. LEXIS 67806, *15–16 (N.D. Ill. May 24, 2016). It is permissible to frame the complaint around legal conclusions, but any such conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions"). At a minimum, "[a] complaint must allege facts to support a cause of action's basic elements; the plaintiff is required to do at least that much." *Adams*, 742 F.3d at 728.

Allegations relating to fraud or mistake, however, must be pled with heightened particularity pursuant to Federal Rule of Civil Procedure 9(b). Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). Rule 9(b) acts as an "exception to the federal regime of notice pleading." *Darne v. Ford Motor Co*., No. 13 C 03594, 2015 U.S. Dist. LEXIS 169752, at *36 (N.D. Ill. Dec. 18, 2015) (*Tharp J.*). The Seventh Circuit has articulated that "[i]n adding flesh to the bones of the word particularity, we have often incanted that a plaintiff ordinarily must describe the 'who, what, when, where, and how' of the fraud." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co*., 631 F.3d 436, 441–42 (7th Cir. 2011). While specific evidence need not be pled, "the pleading must satisfy the purposes of Rule 9(b), which are: (a) to inform the defendants of the alleged wrongs and enable them to form an adequate defense and response; (2) to eliminate the filing of conclusory complaints as a pretext for detecting additional wrongs; and (3) to shield defendants from unfounded fraud charges that might injure their reputations." *MPC Containment Sys. v. Moreland*, No. 05 C 6973, 2006 U.S. Dist. LEXIS 55780, at *7 (N.D. Ill. Aug. 10, 2006) (citing *Hot Wax, Inc. v. Grace-Lee Prods.*, No. 97 C 6882, 1998 WL 664945, at * 3–4 (N.D. Ill. Sept. 11, 1998)).

### A. Count I Fails to State a Claim for Relief Under the Lanham Act

Plaintiff styles its claim under the Lanham Act as one of false endorsement, but then alleges without explanation violations of both Section 43(a)(1)(A) and Section 43(a)(1)(B). Those are distinct claims, involving distinct elements. Neither claim is adequately pled.

A claim of false endorsement falls within Section 43(a)(1)(A)'s concern with preventing consumer confusion or mistake regarding "affiliation, connection or association" or "origin, sponsorship or approval" of a plaintiff's goods. A claim of false endorsement under § 43(a)(1)(A) requires a showing of: (1) unauthorized use of a person's identity, via misuse of a trademark, i.e. symbol or device such as a visual likeness, vocal imitation, or other uniquely distinguishing characteristic of the person, (2) in connection with a product or service, (3) in such a way that consumers are likely to be misled about that person's sponsorship or approval of the product or service. *Maremont v. Susan Fredman Design Grp., Ltd.*, 772 F. Supp. 2d 967, 971 (N.D. Ill. 2011) (enumeration added) (quoting *Stayart v. Yahoo! Inc.*, 651 F. Supp. 2d 873, 880 (E.D. Wis. 2009), *aff'd*, 623 F.3d 436 (7th Cir. 2010)); *see also Burck v. Mars Inc.,* 571 F. Supp. 2d 446, 455 (S.D.N.Y. 2008) (setting out four-part test for false endorsement requiring that defendant: (1) made a false or misleading representation of fact; (2) in commerce; (3) in connection with goods or services; (4) that is likely to cause consumer confusion as to the origin, sponsorship, or approval of the goods or services). Section 43(a)(1)(B) does not address false association or false endorsement, but rather false advertising by a defendant about its own or the plaintiff's goods. False advertising claims under § 43(a)(1)(B) require a separate showing of (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) that the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) that the deception be material, in that it is likely to influence the purchasing decision; (4) that defendant caused its false statement to enter interstate

commerce; and (5) that the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a loss of goodwill associated with its products. *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 819 (7th Cir. 1999).

Claims of false endorsement / false association under § 43(a)(1)(A) and claims of false advertising under § 43(a)(1)(B) both require a false statement or misrepresentation of fact. Courts in this district routinely hold that Lanham Act claims based on false statements or misrepresentations must meet Rule 9(b)'s heightened particularity requirements. Plaintiff's false advertising claim would be inadequately pled under *any* standard, as Plaintiff entirely neglects to allege the essential elements. *A fortiori*, that claim, as well as Plaintiff's false endorsement claim, fail to meet the Rule 9(b) standard. Because Plaintiff's Lanham Act claims sound in fraud but are insufficiently pled under Rule 9, Count I should be dismissed in its entirety.[2]

1.  *The heightened pleading requirements of Rule 9(b) apply to Lanham Act claims based on false statements or misrepresentations*

Courts interpret Lanham Act claims based on false representation as claims sounding in fraud, thus requiring them to meet the heightened Rule 9(b) pleading requirements. *MPC Containment Sys.*, 2006 U.S. Dist. LEXIS 55780, at *6 ("Claims alleging false representation under the Lanham Act are subject to Rule 9(b)."); *Organ Recovery Sys., Inc. v. Preservation Solutions, Inc.*, No. 11 C 4041, 2012 WL 2577500, at *18 (N.D. Ill. July 4, 2012) (same); *Conditioned Ocular Enhancement, Inc. v. Bonaventura*, 458 F. Supp. 2d 704, 709 (N.D. Ill.

---

[2] Should the Court grant Defendants' request for dismissal of the Lanham Act claim in its entirety, such dismissal deprives the Court of subject matter jurisdiction over the remaining supplemental state law claims and the entire Amended Complaint should be dismissed on this basis. *See Amin v. Suntrust Bank*, No. 14 C 3903, 2014 U.S. Dist. LEXIS 94266, at *14 (N.D. Ill. July 11, 2014) ("exercise of supplemental jurisdiction over [] state law claims . . . would not be appropriate as the Court has *sua sponte* dismissed the federal claims, and the state law claims are purely state law issues"); *Wilson v. City of Chicago*, No. 12 C 06391, 2013 U.S. Dist. LEXIS 115285, at *10–11 (N.D. Ill. Aug. 15, 2013) (*Tharp J.*) (exercising discretion to decline supplemental jurisdiction over pendent state law claim). Dismissal of the Lanham Act claim would, thus, obviate the need for the Court to address the separate arguments directed toward the dismissal of the various state law claims.

2006) ("Claims that allege false representation or false advertising under the Lanham Act are subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b)"); *CardioNet, Inc. v. LifeWatch Corp.*, No. CIV.A. 07C6625, 2008 WL 567031, at \*2 (N.D. Ill. Feb. 27, 2008) (same); *Merix Pharm. Corp. v. Glaxosmithkline Consumer Healthcare, L.P.*, No. 5 C 1403, 2006 U.S. Dist. LEXIS 47233, at \*4 (N.D. Ill. June 28, 2006) ("Claims alleging consumer fraud under the . . . Lanham Act must be pled with particularity under Fed. R. Civ. P. 9(b)"); *In re Honey Transshipping Litig.*, 87 F. Supp. 3d 855, 866 (N.D. Ill. 2015) ("Lanham Act claims sounding in fraud must comport with the heightened pleading standard of Rule 9(b)").

Most cases to address whether Rule 9(b) applies to the Lanham Act have done so in the context of false advertising claims. As discussed in *Vertical Web Media, L.L.C. v. Etailinsights, Inc.*, No. 14 C 3220, 2014 WL 2868789 (N.D. Ill. June 24, 2014), the majority of judges in the Seventh Circuit who have considered the issue have held that Rule 9(b) applies generally, *i.e.*, categorically, to Lanham Act false advertising claims. *Id.* at \*3. In distinguishing a case from the Eastern District of Wisconsin in which Rule 9(b) was *not* applied to a claim of false advertising, the court in *Vertical Web Media*, looked to the Seventh Circuit's holding in *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502 (7th Cir. 2007), that "Rule 9(b) applies to 'averments of fraud,' not claims of fraud" and that "whether the rule applies will depend on the plaintiffs' factual allegations." *Id.* (citing *Borsellino*, 477 F.3d at 507). Accordingly, the court held, even if Rule 9(b) does not apply categorically to false advertising claims, it does apply when such claims are "premised upon a course of fraudulent conduct," such as those involving allegedly false and misleading statements and, particularly, where the conduct is alleged to be "malicious, fraudulent, deliberate, and willful." *Id.*

Whether applied "categorically" or based on the specific allegations in the Amended Complaint, Rule 9(b) clearly applies here to Plaintiff's Lanham Act claim of false advertising, which the Amended Complaint describes as "a false or misleading representation of fact that falsely implies Pelé's endorsement of Defendants' goods" (Am. Compl. ¶ 27) and as part of a course of conduct that the Amended Complaint elsewhere describes as willful, "perpetrated by evil motive" and supportive of trebling damages and a finding of an "exceptional case." (Am. Compl. ¶¶ 30, 34, 38, 42, prayers for relief.)

As noted, most cases applying Rule 9(b) to the Lanham Act § 43(a) involve claims of false advertising. However, although Rule 9(b) may not necessarily apply to cases involving straightforward trademark infringement, courts have stated that it applies to § 43(a) claims involving false or misleading statements or representations. Such allegations are implicated in a claim for false association or false endorsement or when such false statements form the basis for a claim of unfair competition under § 43(a)(1)(A). *See, e.g., MPC Containment Sys.*, 2006 U.S. Dist. LEXIS 55780, at *8 (applying Rule 9 to both claims of false advertising made under § 43(a)(1)(B) and claims of false representation made under § 43(a)(1)(A)); *Organ Recovery Sys., Inc.*, 2012 WL 2577500, at *18 (applying Rule 9(b) to counterclaim for false designation of origin, which arises under § 43(a)(1)(A)). Indeed, the language of the statute itself suggests that there is no reason to distinguish between the pleading standard for § 43(a)(1)(A) and § 43(a)(1)(B) when the claim involves a false statement or misrepresentation. Section 43(a)(1) reads in its entirety:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—

(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a). The statutory reference to "any false designation of origin, false or misleading description of fact, or false or misleading representation of fact" applies equally to false association, false sponsorship and false endorsement claims under § 43(a)(1)(A) and to false advertising claims under § 43(a)(1)(B). It is allegations regarding false statements or misrepresentations—whether in the nature of false endorsement or false advertising—that make a Lanham Act claim under § 43(a) sound in fraud or mistake, and that require application of the heightened pleading standards of Rule 9(b). For the same reasons that Rule 9(b) applies to Lanham Act claims of false advertising, Plaintiff also must meet the heightened pleading standard for its false endorsement claim based on the purported "false or misleading representation of fact that falsely implies Pelé's endorsement of Defendants' goods." (Am. Compl. ¶ 27.)

      2. *Plaintiff's Amended Complaint fails to satisfy the heightened pleading requirements for the Lanham Act claims*

Plaintiff's Amended Complaint fails to plead either false endorsement or false advertising with sufficient particularity to meet the requirements of Rule 9(b). In addition to impermissibly lumping together the alleged conduct of the separate Defendants, Plaintiff's allegations do not adequately allege the elements of each claim.

As noted, a claim of false endorsement under § 43(a)(1)(A) requires particularized allegations that a defendant (1) made a false or misleading representation of fact; (2) in commerce; (3) in connection with goods or services; (4) that is likely to cause consumer confusion as to the origin, sponsorship, or approval of the goods or services. Plaintiff has not set forth with sufficient particularity, however, how Defendants' use of a hired model constitutes "a false or misleading representation of fact" so as to satisfy the first element of a false endorsement claim. Plaintiff's Amended Complaint elaborates no further than to make the conclusory statement that the Subject Ad depicts "a smiling man who very closely resembles Pelé" and to allege that the Subject Ad depicts another individual—a soccer player who notably is *not* a purported look-alike—"making a modified bicycle or scissors-kick, perfected and famously used by Pelé." (Am. Compl. ¶ 18.) The Amended Complaint fails to allege the characteristics of the "smiling man" that purportedly "closely resemble Pelé," and impermissibly leaves Defendants to guess as to how and why consumers would be confused by the use of an image of a soccer player, who is not even alleged to look like Pelé, performing a common soccer kick. Nor can the recitation that "Defendants' unauthorized use of Pelé's identity, including his image and persona, in its advertisement was a false or misleading representation of fact that falsely implies Pelé's endorsement of Defendants' goods" (Am. Compl. ¶ 27.) suffice, where Plaintiff has not pled with particularity how the use of images of two individuals—neither of whom is Pelé and one of whom is not even alleged to resemble Pelé—constitutes an "unauthorized use of Pelé's identity" that is "a false or misleading representation of fact." Similarly, the Amended Complaint fails to plead with particularity how the Subject Ad, as described, is likely to cause consumer confusion as to the origin, sponsorship, or approval of the goods or services, rather than merely conveying to consumers that the model depicted in the Subject Ad likes to watch soccer on a Samsung

television. Plaintiff's paltry allegations do not add the necessary "flesh to the bones" required by Rule 9(b) for its false endorsement claim, which should be dismissed as insufficiently pled.

Plaintiff's false advertising claim fares even worse, as the allegations in the Amended Complaint entirely fail to address the basic elements under any pleading standard, much less under the applicable Rule 9 standard. To state a claim under §43(a)(1)(B), a plaintiff must plead each of the required elements, including that there was an actual false statement of fact about the defendant's or another's product that actually deceived or has the tendency to deceive a substantial segment of its audience, and that the deception is material in that it is likely to influence the purchasing decision. *Control Solutions LLC v. Oshkosh Corp.*, No. 10 C 121, 2011 WL 1131329, at *4 (N.D. Ill. Mar. 28, 2011). *See supra* pp. 5–6. Nowhere in Plaintiff's Amended Complaint, however, has it identified a false statement regarding one of Samsung's products. To the extent that Plaintiff's position can be understood as alleging that the "falsity" of the Subject Ad is that it falsely represents that Samsung televisions are endorsed by Pelé, (which Samsung denies), such allegation would fall within the ambit of false association or false endorsement under §43(a)(1)(A), not false advertising under of §43(a)(1)(B). Indeed, Plaintiff does not even attempt to allege how the Subject Ad—even if perceived to include an image of Pelé—"misrepresents the nature, characteristics, or qualities of Defendant's goods, services, or commercial activities." In addition, the Amended Complaint is devoid of any allegation that the Subject Ad "actually deceived or has the tendency to deceive a substantial segment of its audience" or that the "deception is material in that it is likely to influence the purchasing decision." The utter lack of allegations regarding essential elements of the claim falls short of the most basic pleading requirements and, quite naturally, fails to meet the heightened pleading standard of Rule 9(b).

-11-

3. *Plaintiff's Amended Complaint is further deficient in that it fails to identify the alleged conduct of the individual Defendants*

In addition to Plaintiff's failure to plead adequately the requisite elements of each of its Lanham Act claims, Plaintiff makes no attempt whatsoever to delineate the individual actions of each defendant separately. The Seventh Circuit has indicated, in the context of the heightened pleading requirements of Rule 9(b) that "[an Amended] Complaint that attributes misrepresentations to all defendants, lumped together for pleading purposes, generally is insufficient." *Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990) (citing *Design Time Inc. v. Synthetic Diamond Tech., Inc*., 674 F. Supp. 1564, 1569 (N.D. Ind. 1987)); *see also Cocroft v. HSBC Bank USA, N.A.*, No. 10 C 3408, 2012 U.S. Dist. LEXIS 55410, at *21 (N.D. Ill. Apr. 20, 2012) ("Plaintiffs . . . cannot satisfy Rule 9(b) by lumping all defendants together."). Although the "[t]he strictness with which this rule is applied . . . varies according to the nature of the allegations; plaintiffs are required to distinguish among defendants to the extent that they may reasonably be expected to be able to do so." *Reshal Assocs. v. Long Grove Trading Co*., 754 F. Supp. 1226, 1231 (N.D. Ill. 1990). "It is obvious that a plaintiff may not be privy to the workings of a group of defendants who have acted in concert to defraud him," nonetheless, a plaintiff must "identify the particular defendants who allegedly dealt with him, and . . . describe the circumstances under which particular defendants dealt directly with him." *Id.* (quoting *Lincoln Nat'l Bank v. Lampe*, 414 F. Supp. 1270, 1279 (N.D. Ill. 1976)). "Even where the role of each defendant is a matter particularly within the knowledge of the defendants, plaintiffs must make allegations . . . with a statement of facts upon which the belief is founded." *Coronet Ins. Co. v. Seyfarth*, 665 F. Supp. 661, 666 (N.D. Ill. 1987).

Here, Plaintiff's Amended Complaint treats Defendants wholesale as a single actor. It refers throughout only to the "Defendants" collectively, making no distinction as to actions taken

by SEA versus SEC. Although some facts may be particularly within the knowledge of SEA and/or SEC, that does not grant Plaintiff a pass to lump Defendants together in every single allegation in the Amended Complaint. (Am. Compl. ¶¶ 16, 21, 23). Such approach shirks Plaintiff's Rule 9(b) obligations (as interpreted by the Court) to identify the "who, what, when, where, and how" as to the alleged false or misleading endorsement and alleged deceptive practices committed by SEA or SEC. *See Cocroft,* 2012 U.S. Dist. LEXIS 55410, at *18. And this pleading deficiency is particularly acute where, as here, there is no proper basis to allege that one of the Defendants—SEA—performed any role in the acts giving rise to the Amended Complaint.

In sum, Plaintiff has not properly pled its claims under the Lanham Act, which undeniably sound in deception and fraud, and the Amended Complaint fails to put Defendants on notice as to the allegations against each of them as individual entities. Accordingly, Count I should be dismissed in its entirety for failure to state a claim upon which relief can be granted.

**B.    Count III—Illinois Consumer Fraud and Deceptive Practices Act—Should be Dismissed for Failure to State A Claim Upon Which Relief can be Granted**

1.    *Count III sounds in fraud and fails to meet the heightened pleading requirements of Rule 9(b)*

As noted, the Rule 9(b) heightened pleading requirements apply to counts sounding in fraud, including those under the ICFA. *See Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 736-736 (7th Cir. 2014) ("Since [plaintiff]'s claim was of fraud under the ICFA, the sufficiency of his complaint is analyzed under the heightened pleading standard set forth in Federal Rule of Civil Procedure 9(b)"); *Chicago Faucet Shoppe, Inc. v. Nestlé Waters N. Am. Inc.*, 24 F. Supp. 3d 750, 761 (N.D. Ill. 2014) (*Tharp J.*) (finding allegations of "deliberate misrepresentations" sounded in fraud and confirming that "when a plaintiff in federal court

alleges fraud under the ICFA, the heightened pleading standard of Federal Rule of Civil Procedure 9(b) applies"); *Spector v. Mondelez Int'l, Inc*., No. 15 C 4298, 2016 U.S. Dist. LEXIS 42869, at *7-8 (N.D. Ill. Mar. 31, 2016) (quoting 815 ILCS 505/2 (West 2012): "The Consumer Fraud Act defines deceptive acts or practices as: 'including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce.'").

Count III alleges that "Defendants' conduct . . . was willful and outrageous, perpetrated by evil motive . . . ." (Am. Compl. ¶ 38.)  Such allegations, although utterly without factual basis, nonetheless certainly sound of fraud, thereby rendering the ICFA claim, as styled by Plaintiff, subject to the heightened pleading standard of Rule 9(b).  As with Count I, there is a paucity of substance pled in Count III justifying its dismissal.  As detailed below, Plaintiff has failed to allege the essential elements of a claim under either prong of the ICFA, thereby failing to satisfy the Rule 8 pleading requirements, let alone those of Rule 9(b).

Separately, however, and for the reasons outlined above, Plaintiff's convention of indiscriminately "lumping" the Defendants together as one, without making any attempt to specify what each Defendant is alleged to have done, fails to satisfy the pleading requirements of Rule 9(b).  As noted, there is no basis for Plaintiff to allege that SEA played any role in the conduct allegedly giving rise to the claim(s) asserted in Count III.  Count III should be dismissed on this basis alone.

      2.     *Count III fails to adequately identify or plead the elements of a cause of action under the Illinois Consumer Fraud and Deceptive Business Practices Act*

Irrespective of the heightened pleading requirements of Rule 9(b), Count III is woefully inadequate as pled. It is immediately apparent that the Plaintiff has failed to adequately plead the requisite elements of a claim under either prong of the Illinois statute it seeks to invoke.

Illinois courts have delineated two types of claims that may be brought under the ICFA: (1) unfair practices claims; and (2) deceptive practices claims. *Robinson v. Toyota Motor Credit Corp.*, 201 Ill. 2d 403, 417, 775 N.E.2d 951, 961 (2002). Not surprisingly, each claim entails distinct elements. A claim for "deceptive practices" under the ICFA requires a plaintiff to allege: "(1) a deceptive act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deception; and (3) the occurrence of the deception during a course of conduct involving trade or commerce." *Id.* at 417-18, 775 N.E.2d at 960. A claim for "unfair practices," on the other hand, requires a plaintiff to allege that the conduct in question: (1) offends public policy; (2) is immoral, unethical, oppressive, or unscrupulous; and (3) causes substantial injury to consumers. *Id.* at 417-18, 775 N.E.2d at 961. *See also McKenney-Becker v. Safeguard Props. LLC,* No. 14-cv-04514, 2015 U.S. Dist. LEXIS 3507, at *34 (N.D. Ill. Jan 13, 2015) (dismissing counts pled under ICFA, without prejudice, and noting that "an unfair practices claim . . . involves consideration of different elements [than a deceptive practice claim] and requires a lower notice pleading standard in which a plausible inference may be more suitable.").

Plaintiff's allegations in support of Count III do not even give lip service to the necessary elements of either form of relief under the ICFA. The Amended Complaint fails to include allegations addressing (let alone asserting violations of) the essential elements of either prong of the ICFA. By way of example, the Amended Complaint fails to allege that there was an "intent that plaintiff rely on the deception," (a necessary element of a deceptive practices claim,

-15-

seemingly inapposite here), or that the actions "offend[ed] public policy," and "caused substantial injury to consumers" (both of which are required elements of an unfair practices claim). *See Robinson*, 216 Ill. 2d at 417, 775 N.E.2d at 961.

Moreover, Plaintiff has failed to adequately allege proximate causation, as necessary to state a claim under the ICFA. In order "to prevail under the ICFA, 'a plaintiff must demonstrate that the defendant's conduct is the proximate cause of the injury.'" *Blankenship v. Pushpins Holdings LLC*, No. 14 C 6636, 2015 U.S. Dist. LEXIS 135944, at *33 (N.D. Ill. Oct. 6, 2015) (citing *Siegel v. Shell Oil* Co., 612 F.3d 932, 935 (7th Cir. 2010) (". . . a private cause of action brought under [ICFA] requires proof of 'actual damage.' . . . [and] proof that the damage occurred 'as a result of' the deceptive act or practice"), and *Oliveira v. Amoco Oil Co*., 201 Ill. 2d 134, 149, 776 N.E.2d 151, 160 (2002) (dismissing plaintiff's amended complaint because "a plaintiff pursuing a claim for deceptive advertising under the [ICFA] must prove that he was deceived…in order to establish proximate causation.")). Here, the Amended Complaint is devoid of the necessary showing to support a claim under the ICFA because it does not allege any facts of causation. Plaintiff does nothing but make a general and conclusory statement about it having "been damaged by [Defendants'] acts." (Am. Compl. ¶¶ 25, 29, 35, 39). This is not sufficient to support a claim under the ICFA. *See Weis v. State Farm Mut. Auto. Ins. Co.,* 333 Ill. App. 3d 402, 776 N.E.2d 309 (2002) (affirming dismissal of ICFA claims where plaintiff merely pled that she suffered a pecuniary loss but not that such loss resulted from defendant's alleged misrepresentations, which is even more than what Pele IP has pled here).

In sum, Count III fails to plead any of the ICFA's required elements or meet the particularity requirements of Rule 9(b). As such, Count III should be dismissed for failure to state a claim upon which relief can be granted.

C.    **Count IV (Illinois Common Law Unfair Competition) is Pre-empted by Plaintiff's Statutory Claims Under Count III.**

Count IV should likewise be dismissed for failure to state a claim on the basis that it is duplicative of Count III, and, therefore, preempted by Plaintiff's identical claims under the ICFA. "[W]hen . . . the same operative facts support actions . . . resulting in the same injury to the client, the actions are identical and the later should be dismissed as duplicative." *Majumdar v. Lurie*, 274 Ill. App. 3d 267, 273-274, 653 N.E.2d 915, 921 (1995). *See also BlueStar Mgmt. LLC v. The Annex Club, LLC,* No. 09 C 4540, 2010 U.S. Dist. LEXIS 71156, at *25-26 (N.D. Ill. July 12, 2010) (dismissing common law unfair competition claims where they were identical to those brought under tort-based statute for deceptive practices) (citing *Custom Bus. Sys., Inc. v. Boise Cascade Corp.*, 68 Ill. App. 3d 50, 53, 385 N.E.2d 942, 944 (1979) (affirming dismissal of duplicative claims, with prejudice, where plaintiff failed to allege any facts constituting a separate common law tort, in addition to the statutory-based allegations of deceptive practices; "we are not inclined to search out the ramifications of a common law action, which might establish grounds for relief in addition to the elements of unfair competition recognized [by statute].")).  Courts have applied the same reasoning to dismiss unfair competition claims when found to be duplicative of other types of claims (non-ICFA claims), such as breach of contract and tortious interference claims. *See, e.g., The Film Works & Tape Works, Inc. v. JuneTwenty Films, Inc.*, 368 Ill. App. 3d 462, 473, 856 N.E.2d 612, 622 (2006) (simply disposing of common law unfair competition claim once summary judgment was granted as to tortious interference claims based on same allegations); *Arvegenix, LLC v. Seth*, Case No. 13-cv-1253, 2014 U.S. Dist. LEXIS 59017, at *27 (C.D. Ill. Apr. 29, 2014) (finding common law claim for unfair competition really a tortious interference claim and concluding "[p]laintiffs have alleged no

cause of action in Count VI distinct from their other claims, and have thus failed to state a claim upon which relief can be granted.").

Here, Plaintiff's allegations under Count IV are no more than a verbatim recitation of its claims under Count III, and it has alleged no additional facts in support of this claim. (Am. Compl. ¶ 40, which only realleges ¶¶ 1-25.) For example, Count III alleges that "Defendants' acts constitute unfair methods of competition . . ." and Count IV literally repeats the same allegation that "Defendants' acts constitute unfair competition . . . ." Likewise, both counts identically allege that Defendants' acts were "willful." Because Count IV is entirely duplicative of the statutory claim under the ICFA, the Court should dismiss it, with prejudice, for failure to state a claim.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss each of Counts I, III, and IV for Plaintiff's failure to adequately state claims upon which relief may be granted.

Dated: June 10, 2016                    Respectfully submitted,

*/s/ Mark D. Pollack*
Mark D. Pollack
Emily L. Seymore
PAUL HASTINGS LLP
71 S. Wacker Drive, 45th Floor
Chicago, Illinois 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100
markpollack@paulhastings.com
emilyseymore@paulhastings.com

*Counsel For Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

       The undersigned, an attorney of record for Defendants Samsung Electronics America, Inc., and Samsung Electronics Co., Ltd. hereby certifies that on June 10, 2016, he served a copy of the foregoing **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS COUNTS I, III, AND IV OF THE AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** on counsel of record listed below by electronic means via the Electronic Case Filing (ECF) system:

Ann H. MacDonald
Schiff Hardin LLP
233 South Wacker Drive, Suite 6600
Chicago, IL 60606
(312) 258-5500
Email: amacdonald@schiffhardin.com

Frederick J. Sperling
Schiff Hardin LLP
233 South Wacker Drive, Suite 6600
Chicago, IL 60606
(312) 258-5500
Email: fsperling@schiffhardin.com

Clay A. Tillack
Schiff Hardin LLP
233 South Wacker Drive, Suite 6600
Chicago, IL 60606
(312) 258-5500
Email: ctillack@schiffhardin.com

Shawna Shannon Boothe
Schiff Hardin
233 S Wacker Dr., Suite 6600
Chicago, IL 60606
(312) 258-5589
Email: sboothe@schiffhardin.com

                                     /s/  *Mark D. Pollack*
                                     Mark D. Pollack
                                     PAUL HASTINGS LLP
                                     71 S Wacker Dr., Suite 4500
                                     Chicago, IL 60606
                                     (312) 499-6000
                                     markpollack@paulhastings.com

                                     *Attorney for Defendants Samsung Electronics America, Inc. and Samsung Electronics Company, Ltd.*